UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ETHAN BOOK AND ETHAN BOOK FOR U.S. SENATE | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:10-cv-01228 (PCD) |
| | : | |
| SUSAN BYSIEWICZ, ET AL | : | |
| Defendants. | : | |

**RULING ON MOTION TO DISMISS**

Defendants have filed a Motion to Dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. For the reasons that follow, Defendants' Motion to Dismiss [Doc. No. 13] is **granted.**

**I. BACKGROUND**

This action arises from an allegation that the certificate of endorsement for Republican candidate for Senate Linda McMahon ("Certificate fo Endorsement") is legally deficient. At the Connecticut Republican Convention of 2010, Linda McMahon was endorsed as the Republican candidate for U.S. Senate. (Compl. ¶ 41.) Pursuant to Connecticut law, each candidate endorsed at a political party convention must file a certificate with the Secretary of the State stating that she was endorsed by the convention. Conn. Gen. Stat. § 9-388.

On June 15, 2010, Plaintiff requested and timely received a copy of the Certificate of Endorsement from the Elections Division of the Office of the Secretary of the State. (Compl. ¶ 44.) On June 24, 2010, Plaintiff presented a "formal Declaration and Petition for Declaratory

Ruling" to the Secretary of the State, which stated that the Certificate of Endorsement was legally void. (Id.) His concerns about the Certificate of Endorsement included (1) the lack of the word "duly" in a clause of the endorsement form which read "each of the following persons was [] endorsed as candidate; and (2) the lack of date provided with the signature of the Chairman or Presiding Office of the Convention. (Id.) On July 16, the Secretary of the State issued a response. (Id. Ex. 10.) On July 27, 2010, Book presented the Secretary of State with a "Petition for Reconsideration", which the Office of the Secretary of State responded to on July 29, 2010. (Id. Ex. 12.) The Secretary of the State's responses to Plaintiff stated that the Certificate of Endorsement was legally valid and accepted by the Secretary of the State. (Id. Ex. 10, 12.)

On August 2, 2010, Plaintiff began the instant action. He argues that by accepting the allegedly deficient Certificate of Endorsement, the Secretary of the State violated his Constitutional rights under the Fourteenth Amendment and seeks a declaratory ruling invalidating the Certificate of Endorsement and a mandamus to suspend the results of the primary election for the Republican candidate for Senate held on August 10, 2010. (Id. at 26.) Plaintiff filed a Motion for Preliminary Injunction on August 6, 2010 to suspend or postpone the Connecticut primary election for a Republican Candidate for U.S. Senate, which was denied by this Court on August 9, 2010.

## II. STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636,

639 (2d Cir. 1980)). In ruling on a motion under Fed. R. Civ. P. 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp, 482 F.3d 184, 191 (2d Cir. 2007).

The district court may dismiss a claim under Fed. R. Civ. P. 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

For the purposes of a Rule 12(b)(6) motion to dismiss, the court must take all of the factual allegations in the complaint as true. However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions." Bell Atlantic, 550 U.S. at 555.

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. See Fed. R. Civ. P. 12(b)(1). Plaintiff, as the party asserting subject matter jurisdiction, has the burden of establishing by a preponderance of the evidence that it exists. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). In analyzing a motion to dismiss pursuant to Rule 12(b)(1), the Court must "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." Robinson v. Overseas Military

3

Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). However, "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atlantic Mutual Ins. Co. v. Balfour MacLaine Int'l, 968 F.2d 196, 198 (2d Cir. 1992); see also Robinson, 21 F.3d at 507.

Unlike with a Rule 12(b)(6) motion, a court resolving a Rule 12(b)(1) motion for lack of subject matter jurisdiction may refer to evidence outside the pleadings. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)); see also Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (in resolving a Rule 12(b)(1) motion, district courts may "resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing").

## III. DISCUSSION

Absent a valid exception, the Eleventh Amendment deprives the federal courts of jurisdiction over all claims against a State by its own citizens. See Duhne v. New Jersey, 251 U.S. 311 (1920). This jurisdictional bar applies regardless of the nature of the relief sought. See, e.g., Missouri v. Fiske, 290 U.S. 18, 27 (1933). As no exception applies to this case, this Court lacks jurisdiction over Plaintiff's claim against the State of Connecticut, and Defendants' motion to dismiss as to the State of Connecticut is **granted**.

This Court also lacks jurisdiction over Plaintiff's claim against the Secretary of the State that the form for the Certificate of Endorsement was invalid because it did not contain the word "duly" and was not properly promulgated. "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." Pennhurst State Sch. & Hosp. V. Halderman, 465 U.S. 89, 121 (1981).

4

The Eleventh Amendment prohibits federal courts from enjoining state officers from violating state law. See id. The proper forum to address matters of state law is state court.

Although Plaintiff's stated claim against the Secretary of the State is for a constitutional violation rather than a state law violation, a violation of state law cannot be transformed into a violation of the federal Constitution just because the party would like it to be so. Plaintiff's challenge is an issue of whether a state official properly employed a state form prepared by a state agency in satisfaction of the terms of a state law. Furthermore, the Second Circuit has consistently held that federal court involvement in "garden variety" election disputes, such as this one, is inappropriate. Shannon v. Jacobowitz, 394 F.3d 90, 96 (2d Cir. 2005) (describing the case as presenting a "paradigmatic example of a garden variety election dispute" which does not violate the Due Process Clause) (internal quotation marks omitted); see Powell v. Power, 436 F.2d 84, 86 (2d Cir. 1970) (warning against federal courts' "be[ing] thrust into the details of virtually every election, tinkering with the state's election machinery, reviewing petitions, registration cards, vote tallies, and certificates of election for all manner of error and insufficiency under state and federal law"). As Plaintiff's claim against the Secretary of the State is an issue of state law and does not implicate any federal constitutional issues, Defendants' motion to dismiss as to the Secretary is **granted**.

Plaintiff's legal claims and requested relief against Gayle Slossberg, James Spallone, and Richard Blumenthal are so vague that this Court is unable to decipher whether jurisdiction properly falls within this Court. Regardless, the Plaintiff's factual allegations do not state a plausible claim to relief, and the motion to dismiss as to Gayle Slossberg, James Spallone, and Richard Blumenthal is **granted**.

IV. CONCLUSION

For the reasons given above, Defendants' Motion to Dismiss [Doc. No. 13] is **granted**. The clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, January  23 , 2011.

/s/

Peter C. Dorsey, U.S. District Judge

District of Connecticut